## CHESTER L. HOBART and others *vs.* JOHN F. HOBART and others.

All the parties to an action for partition were the heirs at law of a former owner of the premises, who died intestate, and they took title to the lands in question by descent, as such heirs. The complaint alleged that each of the nine parties, plaintiffs and defendants, was seised in fee simple, and entitled to, one equal undivided ninth part of said premises. The judge before whom the action was tried without a jury, found as matter of fact, and held as a conclusion of law, that eight, out of the nine parties and heirs, had been advanced by the intestate, in sums differing in amount; to the ninth, no advance whatever had been made ; and yet the judge held and decided, as a conclusion of law, and adjudged, that the parts and shares of said premises, " belonging to the plaintiffs and other parties to the action " were " correctly stated and set forth in the complaint ;" and that the plaintiffs were " entitled to judgment for partition and division of said lands and premises between them, as demanded in said complaint ;" which was, that partition might be made according to the rights and interests of the several parties as before alleged. The judgment or decree followed the conclusion of law, and adjudged and decreed that " each of said plaintiffs and defendants is entitled to the equal undivided one ninth part of said lands and premises." No notice was taken of the advancements, in the decree, or in the conclusions of law, but each party was decreed and adjudged to be entitled the same as though no advancement had been made. *Held* that this was manifest error, and that the exceptions to the findings and conclusions of law, in this respect, were well taken.

That it was quite probable, in view of all the facts presented, that some of the parties had no share or interest, whatever, in the lands in question ; and that it was certain that the shares of such as did inherit were altogether unequal in proportion, inasmuch as their advancements all differed in amount.

That the party who had not been advanced at all had inherited much the largest share, and possibly the whole, depending upon the value of the premises, as compared with each of the several advancements.

The statute (1 *R. S.* 754, §§ 23, 24,) provides that the value of all advancements made to children, by an intestate, shall be reckoned as part of the real and personal estate of the intestate ; and if any advancement shall be equal or superior to the amount or share which the child so advanced would be entitled to receive of the real and personal estate of the deceased, then such child, and his descendants, shall be excluded from any share of the real and personal estate of the deceased. And in case the advancement is less than such share, then the child so advanced shall be entitled to receive so much, only, of the personal estate, and to inherit so much only of the real estate of the intestate, as shall be sufficient to make all the shares of

Hobart *v.* Hobart.

the children in such real and personal estate, and advancements, to be equal, as near as can be estimated.

Where the rights and interests of the several parties, in a partition suit, have, by the judgment or decree, been adjudged and decreed to be altogether different from those to which they were entitled by law, it *seems* there is no way by which the error can be remedied, except by a reversal of the judgment, and the ordering of a new trial.

It is no answer to an objection that a decree in partition is erroneous in its adjudication as to the rights and interests of the several parties, in the premises, that inasmuch as the lands have been ordered to be sold and the proceeds of the sale, over and above costs and expenses, brought into court, the rights of all the parties may be adjusted properly in the distribution of the proceeds; because the proceeds can only be distributed according to the respective rights of the parties as adjudged and determined by the decree or judgment; and each party will necessarily have the same interest in the proceeds of the sale that he had in the land sold.

Where, in a partition suit, the defendants alleged in their answer that certain conveyances made to parties to the suit, by the former owner of the premises, by way of advancements, were void by reason of undue influence, and incompetency of the grantor; and the court, on the trial, refused to hear the evidence offered in support of such answer, as being irrelevant; *Held* that the error in the ruling, if any, was *waived* and abandoned when the defendants used those conveyances to establish their defense of advancements made to the several grantees, by such conveyances; and that they could not be heard to complain that they were not allowed to contest their validity.

Where a decree in partition required the referee to pay and discharge, out of the proceeds of the sale, all taxes, charges and assessments which might be a lien on the premises; instead of which, as appeared by his report of sale, he sold subject to such liens; *Held* that the order confirming the report was erroneous, and the same was reversed, and the sale set aside and vacated, as being contrary to the decree.

THIS is an action for partition. The complaint alleges that William L. Hobart, the father of the plaintiffs Chester L., Almira L., Caroline H. and the grandfather of the plaintiffs Byron F. and William L. Hobart, died in Potter, Yates county, on the 19th of July, 1865, intestate, seised of the lands mentioned in the complaint. That the said William L., at the time of his death, left the plaintiffs and the defendants, his children and grandchildren, his heirs at law. That Byron F. was son and only heir of Benjamin L., deceased, who died before his father. That the plaintiff Conley was an infant son of a deceased daughter

of said William L. Hobart. That the plaintiffs and defendants, as heirs at law of said William L. Hobart, deceased, are each seised of and entitled to one equal undivided one ninth of said premises. That the lands described in the complaint were the only lands owned in common by said parties. The plaintiffs ask that the rights and interests of the parties may be ascertained, and partition and division made; or, in case partition cannot be made, that the premises be sold. The premises were alleged to be worth $10,000. The defendants appeared and answered jointly. The answer admits that the plaintiffs and defendants are heirs of William L. Hobart, deceased. That said deceased died seised of the premises mentioned in the complaint. It denies that said William L., at the time of his death, was not seised of any other lands in the State of New York. The defendants deny that the plaintiffs are seised of the lands mentioned in the complaint, as tenants in common with the defendants, as mentioned in the complaint, or in any other way except as mentioned in said answer. The defendants, for a second answer to the complaint, allege that said William L., in his lifetime, conveyed certain lands and premises to his son Benjamin, the father of Byron F., and took back a receipt for $3000, as an advancement to him. That the said William L., in his lifetime, conveyed to the plaintiff Chester L., three several pieces of land by way of advancement, in all amounting to the value of $5800. That in 1850, said William L. conveyed to the defendant Charles H. a certain piece of land, $1000 of the value of which was by way of advancement. The defendants, in their third answer, allege that said William L., in his lifetime, and until the several conveyances thereinafter mentioned, was the owner in fee of the lands thereinafter mentioned. That he was of the age of eighty-six years and upwards, in September, 1864. That in conseqence of his advanced age and bodily infirmities he was of unsound mind. That

Hobart *v.* Hobart.

said William L. resided in the family with said Chester L., who acted as his agent in transacting his business. That the plaintiffs, taking advantage of the infirmities of said William L., and by undue and improper influence exercised over him, obtained from him the several deeds mentioned in said answer. That although a pecuniary consideration was expressed in each of said deeds, yet no consideration was in fact paid. That each and every of the deeds mentioned in said third answer, were procured by undue and improper influence. That the said William L. was of unsound mind and wholly unfit, by reason of said unsoundness of mind, to transact any business. To which second and third answers of the defendants, the plaintiffs replied substantially as follows: The plaintiffs admit the conveyance to Benjamin, but deny they have any knowledge of the advancement. They admit the conveyance to Chester L., as alleged in the second answer. They deny all knowledge of the advancement to Charles H. In their reply to the third answer, the plaintiffs deny that at any time during his lifetime said William L. was unfit to manage his own affairs, or was of unsound mind, or that Chester L. had the control and management of the affairs of said William L. They deny that they took any advantage, in obtaining any of the deeds mentioned in the third answer. They allege that the land mentioned in the third answer as conveyed to Lucinda Decker, was conveyed to her at her request. They deny that any of the deeds were obtained by undue influence; that said William L. was of unsound mind; or that the deeds are fraudulent or void.

The issue joined was brought to trial at a special term, held in and for Yates county, on the 24th of May, 1869, before a justice of this court. Upon the trial it was admitted that said William L. Hobart died intestate, and that the persons named in the complaint were his heirs at

law, and that' he died seised of lands mentioned in the complaint. The plaintiffs then rested.

· The counsel for the defendants moved that the complaint be dismissed for want of proof that the intestate did not die seised of any other lands in this State. The motion was denied, and the defendants excepted. The defendants then gave evidence tending to show that said intestate died seised of other lands. The counsel for the defendants objected to proving a conveyance by parol. The objection was overruled, to which the counsel for the defendants excepted. The counsel for the defendants offered to prove, upon the trial, all the allegations contained in the third answer. This was objected to on the part of the plaintiffs. The objection was sustained, and the evidence excluded. To which the defendants excepted.

The court found the facts as contained in the judgment, among which was the following: That William L. Hobart died intestate, on the 19th of July, 1865, leaving surviving him children and grandchildren, the parties to this action. That he died seised of the lands mentioned in the complaint, and was seised of no other lands. That prior to his death he made certain conveyances to the plaintiff Chester Hobart; on or about the month of February, 1851, one parcel, consideration $1400; one other piece, on the 19th of January, 1860, containing eighty-six acres, consideration $1; also, one other parcel, in South Bristol, Ontario county, consideration $1; on the 26th of September, 1864, one other piece, consideration $2000; on the 3d of November, 1864, one other parcel, consideration $3500; on the 18th of February, 1865, one other parcel, consideration $300. To his son Benjamin F., 15th of November, 1851, certain pieces of land, and took back a writing by which Benjamin acknowledged the receipt of $2000, by way of deduction. That in 1864 William L. conveyed to the defendant Byron F. forty acres, for the consideration of $2000.

Hobart *v.* Hobart.

That on the 3d of December, 1864, he conveyed to Hannah A. H., twenty-three and a half acres, consideration $700. On the 26th of September, he conveyed to Hannah A. H. seventy-five acres, consideration $5250. In November, 1864, he conveyed to the defendant Lucinda, sixty acres, consideration $2400. That on the 18th of November, 1850, he conveyed to the defendant Charles H., 135 acres, consideration $1000; and on the 5th of November, 1864, he conveyed one other piece to said Charles H., consideration $2600. That in November, 1864, he conveyed to the plaintiffs Almira L. and Caroline H., 240 acres, consideration $10,000; and on the 30th of November, 1864, he conveyed to them thirty-three acres, consideration $1320. That on 3d of December, 1864, he conveyed to the plaintiff Conley, fifty acres, consideration $2000. That the grantees went into possession of the several pieces of land conveyed, and were still in possession, claiming the lands under the said conveyances.

The judge also found the following conclusions of law:

That the several conveyances set forth in said findings of facts were made by said William L., in his lifetime, by way of advancement to the respective grantees, as follows:

1. To Chester L. Hobart, the sum of . . . $7,202
2. " Byron F. Hobart,          "      . . . . 4,000
3. " Hannah A. H. Allington, the sum of . 5,950
4. " Lucinda Decker, the sum of . . . . 2,400
5. " Charles H. Hobart,    "    . . . . . 3,600
6. " Almira L. Lane,        "    . . . . . 5,660
7. " Caroline H. Doubleday, the sum of . . 5,660
8. " William L. Conley,            "    . . 2,000

That the lands described in the complaint descended to the heirs at law of William L. Hobart, as therein stated. That the part or share belonging to the plaintiffs and other parties to this action, are correctly stated and set forth in the complaint. That the plaintiffs were entitled to judgment for partition, as demanded in the complaint. And

it appearing that partition thereof could not be made, the land was directed to be sold under the direction of Theodore M. Brown, referee, and the proceeds of said sale, after deducting costs and charges, were directed to be brought into court, to abide its further order.

And the referee was directed to make a report of his doings; all other questions in the action to be reserved until the coming in of said report.

Upon filing said findings, a judgment was entered, on January 11, 1870, adjudging that the parties to this action were seised of and entitled to the lands and premises in' the complaint thereinafter described, with the appurtenances, as tenants in common. And that the respective rights and interests of the plaintiffs and defendants therein are stated in the complaint, and in the finding, that is to say, each of the plaintiffs and defendants are entitled to the equal undivided one ninth of said premises as children, and grandchildren, and heirs at law of said William L. Hobart, deceased, as stated in the complaint. The judgment then described certain lands, which were directed to be sold under the direction of the referee. The judgment contains directions to the referee, &c., reserving all other questions until the report made subsequent to the confirmaation of the report of sale. The defendant duly excepted to the findings and conclusions of law.

The defendants made a case containing the evidence and exceptions taken upon the trial, and appealed to the general term from the said judgment, and from an order made at a special term confirming the referee's report of sale.

*D. B. Prosser*, for the appellants.

I. The court erred in sustaining the objections to the offer on the part of the defendants, to prove the allegations contained in the third answer of the defendants; because, 1st. The third answer contained a counter-claim falling directly within the first subdivision of section 150 of the

Hobart *v.* Hobart.

Code, as a cause of action connected with the subject matter of the allegations set forth in the complaint. (*Mattoon* v. *Baker*, 24 *How. Pr.* 329.) The complaint alleges that the lands mentioned therein were the only lands owned in common by the said parties. This allegation was substantially denied in the answer of the defendants. If the facts alleged in the third answer were true, it follows that the plaintiffs and defendants were seised of the land mentioned and described in said third answer, in addition to those mentioned in the complaint. 2d. It cannot be successfully denied but that the allegation in the third answer constituted a valid cause of action against the plaintiffs, on the part of the defendants, to which the same rules of pleadings applicable to complaints should be applied, and the reply of the plaintiffs treated the same as an answer to a complaint. If so, then it follows as a matter of course that the plaintiffs having replied instead of demurring to the third answer, can only avail themselves of the objection that the answer does not state facts sufficient to constitute a cause of action. If there was any other objection to the third answer, the plaintiffs should have demurred to the same. By their omission to demur, they virtually admit that the subject matter contained in the third answer was a valid counter-claim, subject only to inquiry, whether it contained facts sufficient to constitute a cause of action. The plaintiffs, by taking issue upon the allegation contained in the answer, are estopped from insisting that it does not contain a valid counter-claim. The second subdivision of the 150th section of the Code provides that the defendant may set up as many counter-claims as he may have, whether equitable or legal, &c. The 153d section of the Code provides that the plaintiff may demur to any new matter or counter-claim, where upon its face it does not constitute a defense or counter-claim. It would seem to follow that if the third answer did not contain a valid counter-claim, the plaintiffs should

have demurred. Failing to do so, and taking issue upon the allegations, such issue should have been tried as one of the issues in the action. (*Ayres* v. *O'Farrell et al.*, 10 *Bosw.* 143. *Smith* v. *Countryman*, 30 *N. Y.* 655.) 3d. It was competent for the defendants to show that the plaintiffs and defendants were seised as tenants in common of other lands than those mentioned in the complaint. Any evidence which tended to establish such fact was manifestly proper. The fact that the intestate was of unsound mind when he executed the deeds, or any one of them, would establish the fact that he died seised of the land mentioned in said deeds. The defendants were not bound to establish the fact that he died seised of other lands, in any particular way or manner. The fact, when established, constituted a defense to the action.

II. The court erred in overruling the objection on the part of the defendants, to the plaintiffs proving the conveyance by the intestate, by parol. No rule of law is better settled than that a conveyance of real estate cannot be proven by parol.

III. The court erred in sustaining the objection on the part of the plaintiffs to the question put to the witness Charles Hobart, as to whether there was anything said when the deed was given to him, that any part of the consideration was to be an advancement to the witness. This evidence was clearly competent, and the witness was competent to testify to the fact. The second answer alleged that $1100 of the consideration was by way of advancement.

IV. The court erred in excluding the offer of the defendants to prove what the intestate said about the advancement to Benjamin, at the time of the conveyance to him. The declarations of the father in connection with the giving of the deed by him to Benjamin, were certainly competent for the purpose of proving that the consideration or some part thereof was by way of advancement to Benjamin. (*Hicks* v. *Gildersleeve*, 4 *Abb.* 1, 5.)

Hobart *v.* Hobart.

V. The evidence offered on the part of the defendants to prove that William L., the father, at the time he executed the deed to the defendant Lucinda Decker, was of unsound mind, ought to have been received. The exceptions to the refusal of the court to receive said evidence were well taken. The defendants in their third answer allege that Lucinda Decker had no agency in procuring said deed, and they insist that the deed was void upon the ground that the grantor was of unsound mind at the time of the execution thereof. It was certainly competent for the defendant to prove that the deed to Mrs. Decker was void, and that she did not claim anything under the same, or show any other fact which would render said deed null. Unless the deed to Mrs. Decker was valid and passed the title to her, the intestate died seised thereof, thus showing that the plaintiffs were seised, as tenants in common, of other lands than those mentioned in the complaint.

VI. The conclusion of law by the court, that lands described in the complaint descended to the heirs at law of the said William Hobart, as therein stated, is wholly unwarranted by the facts found, and is in contradiction therewith; because the complaint alleges that the plaintiffs and defendants are each seised in fee, and entitled to the undivided one ninth part of the premises. This conclusion of law wholly ignores the fact of the advancements found by the court. The parties advanced were only seised as heirs at law, subject to the advancements made to them respectively; no notice whatever is taken of the advancements in the conclusion of law under consideration.

VII. The conclusion of law, that the part or share thereof belonging to the plaintiffs and other parties to the action are correctly stated in the complaint, and that the plaintiffs are entitled to judgment for partition of said lands and premises between the parties to the action, as demanded in the complaint, is erroneous, and in direct

conflict with the facts found and conclusions of law—that the plaintiffs had been largely advanced. The complaint alleges that the plaintiffs are each entitled to one ninth of the premises. The conclusion of law is that they are each entitled to the one undivided ninth of the premises. This conclusion gives to the plaintiffs one undivided ninth of said premises mentioned in the complaint, irrespective of the advancement made to them, although some of the plaintiffs had been advanced in a sum greater than the value of the remaining premises.

VIII. So much and such part of the judgment as adjudges that the parties to the suit "are seised of and entitled to the lands and premises in the complaint mentioned, and thereinafter described, as tenants in common in fee simple, and that the respective rights and interests of the respective parties are as stated in the complaint and finding; that is to say, each of the said plaintiffs and defendants is entitled to the one equal undivided one ninth part of said lands and premises, as children and grandchildren and heirs at law of the said William L. Hobart, deceased, as stated in the complaint, and is seised in fee as tenant in common," is erroneous and wholly unsupported by the findings of facts and the evidence. The judgment gives the plaintiffs the one equal undivided ninth of the premises mentioned and described therein, irrespective of the large advances made to them by their father during his life, as found by the court. While the judgment remains in force, all the defendant John F. Hobart can claim under the judgment, is the one ninth of the proceeds of the sale, notwithstanding some of the plaintiffs have already been advanced a much greater sum than the value of said remaining premises.

*Morris Brown,* for the respondents.

I. The first exception taken on the trial, was to the refusal of the court to nonsuit the plaintiff "for want of

proof that the intestate did not die seised of any other lands in this State" than those mentioned in the complaint, and erroneously assumes that such proof is necessary on the part of the plaintiffs to make out a case. It is nowhere so alleged in the complaint, and if it was, need not be proved. The affirmative of this proposition is with the defendants. If proved, it would not amount to a defense to the action, but only affect the question of costs. This view was adopted by the defense; for they thereupon proceeded to give evidence tending to show that the intestate died seised of other lands, and it became one of the litigated questions on the trial.

II. The third exception, relating to the exclusion of evidence to prove all the allegations of the third answer, was not well taken, because, 1st. The evidence offered was immaterial; it related to lands not embraced in the complaint, and of which the intestate did not in fact die actually seised or possessed, but to lands held adversely. The possession of the grantees was under claim of title, and whether with or without a valid deed, is adverse. (*Clapp* v. *Bromagham,* 9 *Cowen,* 530.) The rule that adverse titles are not to be tried in partition, is not changed by the Code. (*Stryker* v. *Lynch,* 11 *N. Y. Leg. Obs.* 116.) Section 16, 2 *R. S.* 320, authorizes two defenses to the action of partition, in addition to which the defendants may allege anything that will abate the action, or bar the plaintiffs' right to a judgment. The allegations of the third answer, proved, would not amount to a defense—would neither abate the action or bar a judgment. The prayer of that answer is, " that judgment be given, that the lands and premises mentioned in said third answer and in the complaint in this action, be partitioned and divided among the heirs at law of said Wm. L. Hobart." (*Supreme Court Rules,* 77.) If the exception should be regarded as well taken, the judgment of sale and all proceedings under it by the referee, should be

allowed to stand. But the defendants have had the benefit of all .these lands allowed to them by way of advancement, and all the parties, grantees, have been charged with their value in the judgment. No additional benefit could accrue to the defendants by setting aside the deeds. The defendants have substantially obtained all they asked for, and should be content.

III. The first exception is to the finding of a fact not denied in the answer. The second exception is to the finding of a fact admitted in the answer; and the third is to a conclusion of law necessarily founded thereon. The fourth, fifth and sixth exceptions are to different provisions of the judgment, all of which are abundantly sustained by the findings upon which the judgment was entered. The seventh. exception is to that portion of the judgment ordering a sale of the premises. The judgment in this respect is sustained by the findings, which themselves are founded upon the evidence, and the consent of the plaintiffs' counsel. The defendants are estopped from this exception by this letter. It is to be presumed that the findings and order of sale are founded upon proper proofs or inquiry by the court. ( *Warfield* v. *Crane,* 4 *Keyes,* 462.) If it is alleged that the judgment is erroneously entered, upon the findings, the remedy is not by appeal, but by motion to correct the judgment. (*Campbell* v. *Adams,* 38 *Barb.* 132.) Again; the court, upon appeal, may order a decree to be corrected, in conformity with the decision, without ordering a new trial. (*Same cases as above.*)

*By the Court,* JOHNSON, J. The parties to this action for the partition of land are the heirs at law of William L. Hobart, deceased, who died intestate; and they take title to the lands in question, by descent, as such heirs.

The complaint alleges that each of the nine parties, plaintiffs and defendants, is seised in fee simple of, and

entitled to, one equal undivided ninth part of said prem-
ises.   The judge, at special term, before whom this action
was tried, without a jury, finds as matter of fact, and
holds as a conclusion of law, that eight out of the nine
parties and heirs, as aforesaid, had been advanced by the
intestate, in various amounts, each of which differs ma-
terially from the others.   And yet he holds and decides
as a conclusion of law, and adjudges, "that the parts
and shares" of said premises "belonging to the plaintiffs
and other parties to the action, are correctly stated and
set forth in the complaint;" and "that the plaintiffs are
entitled to judgment for partition and division of said
lands and premises between them, as demanded in said
complaint."   Which is, that partition may be made ac-
cording to the rights and interests of the several parties,
as before alleged.   The judgment or decree follows the
conclusion of law in this respect, and adjudges and de-
crees, that "each of said plaintiffs and defendants is en-
titled to the equal undivided one ninth part of the said
lands and premises."   No notice whatever is taken of these
advancements, in the decree, or in the conclusions of law,
adjudging the rights of the respective parties, but each is
decreed, and adjudged, to be entitled the same as though
no advancement had been made.   This is manifest error;
and the exceptions to the findings and conclusions of law
in this regard are well taken.   Each of the parties, as has
been seen, had been advanced by the intestate, except
one, who had not been advanced at all; and those who
had been advanced had been advanced in unequal amounts.
The statute (1 *R. S.* 754, § 23) provides that the value of
all advancements, so made, shall be reckoned as part of
the real and personal estate of the intestate; and if any
advancement shall be equal or superior to the amount or
share which the child so advanced would be entitled to
receive of the real and personal estate of the deceased,
then such child and his descendants shall be excluded

from any share of the real and personal estate of the deceased. By section 24 of said statute, it is provided that in case the advancement is less than such share, then the child so advanced, shall be entitled to receive so much only of the personal estate, "and to inherit so much only of the real estate of the intestate as shall be sufficient to make all the shares of the children in such real and personal estate, and advancements, to be equal, as near as can be estimated." It is quite probable, in view of all the facts presented, that some of the parties to the action have no share or interest whatever in the lands in question; and it is quite certain that the shares of such as do inherit are altogether unequal in proportion, as their advancements all differ in amount. The party who has not been advanced at all, has inherited much the largest share, and possibly the whole. This depends upon the value of the premises, as compared with each of the several advancements. It is suggested in behalf the respondents, that inasmuch as the lands have been ordered to be sold, and the proceeds of the sale, over and above costs and expenses, brought into court, the rights of all the parties may be adjusted properly in the distribution of the proceeds. Not so. The proceeds can only be distributed according to the respective rights of the parties as adjudged and determined by the decree or judgment. Each party will necessarily have the same interest in the proceeds of the sale that he had in the land sold. The difficulty is, that the rights and interests of the several parties have been adjudged and decreed to be altogether different from those to which they are entitled by law; and I can see no way by which this error can be remedied, but by a reversal of the judgment and the ordering of a new trial.

The plaintiffs should have demurred to the third answer, instead of taking issue upon the facts and allegations therein contained, by replication. I incline to the opinion, however, that the court properly refused to hear the evi-

Hobart *v.* Hobart.

dence offered by the defendant in support of that answer, as wholly irrelevant, and foreign to the matter pertaining to the right of action alleged in the complaint. But however this might be, the error, if any, of the ruling, was waived and abandoned when the defendants used those conveyances to establish their defense of advancements made to the several grantees, by them. In doing this they necessarily affirmed the validity of the conveyances, and cannot be heard to complain that they were not allowed to contest their validity.

We are also of the opinion that the order confirming the report of the sale, the appeal from which was heard in connection with the appeal from the judgment, should be reversed, and the sale set aside and vacated. It was clearly contrary to the decree. By the decree the referee was required to pay and discharge, out of the proceeds of the sale, all taxes, charges and assessments which might be a lien on the premises. Instead of this, he sold subject to such liens. The object of this provision, in all decrees of this kind, is to insure the purchaser a perfect title, and give assurance to bidders at the sale that all such claims are to be extinguished from the moneys paid by them upon their bids. The sale, as made, was calculated to alarm bidders, and to induce them to bid so as to leave an ample margin to meet the contingencies of the existence of such claims to an unknown and considerable amount. And it appears to have had that effect. As the judgment is reversed, of course no new sale can be ordered.

The judgment is therefore reversed, and a new trial ordered, with costs to abide the event; and the order confirming the report of sale is reversed, and the sale set aside and held for nought, with $10 costs of appeal, to abide the event of the action.

[FOURTH DEPARTMENT, GENERAL TERM, at Oswego, October 3, 1870. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]